**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe, | No. CV-23-00493-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| HireRight LLC, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion to Proceed by Pseudonym and for Protective Order. (Doc. 3). For the following reasons, the Motion is denied.

**I.      Background**

Four years ago, Plaintiff was charged with two felonies. (Id.) As part of a plea agreement, he pled guilty to both charges in exchange for one of the charges being downgraded to a misdemeanor. (Id.) Thus, he was convicted of one felony and one misdemeanor.

In January 2023, Plaintiff applied for a position at CloudKitchens. (Id. at 2). During the interview process, Plaintiff disclosed that he had been convicted of a felony but was told that this would not prohibits his hiring. (Id.) Toward the end of the application process, CloudKitchens hired Defendant HireRight to perform an employment-purposed consumer report on Plaintiff, which included a criminal background check. (Id. at 3). This report ultimately stated, inaccurately, that Plaintiff had been convicted of two felonies—not the single felony that Plaintiff had previously reported to CloudKitchens. (Id.) As a result of

this report, CloudKitchens rescinded its job offer. Id. at 4).

On March 22, 2023, Plaintiff filed a Complaint in this court, alleging that HireRight had violated the Fair Credit Reporting Act. (Doc. 1). In the Complaint, Plaintiff is named pseudonymously as John Doe. (Id.) Alongside the Complaint, Plaintiff filed the present Motion, seeking the Court's permission to litigate this case pseudonymously. (Doc. 3).

## II.   Discussion

Federal Rule of Civil Procedure 10 requires that "the title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). This rule reflects the "paramount importance of open courts" such that the "default presumption is that plaintiffs will use their true names." Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1046 (9th Cir. 2010).

Nonetheless, the Ninth Circuit allows parties to proceed pseudonymously when special circumstances justify secrecy. Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000). Courts determine the need for anonymity by evaluating: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to retaliation. Id. at 1068. Courts must balance these considerations against the public interest in open judicial proceedings. Id. at 1068-69. District courts have broad discretion in deciding whether to allow parties to proceed pseudonymously. See Kamehameha Schools, 596 F.3d at 1045-46.

Plaintiff acknowledges that his is not a situation that the Ninth Circuit has determined necessitates anonymity. (Doc. 3 at 6). Instead, Plaintiff argues that because he "worked incredibly hard to get back on track and contribute positively to society" after his convictions, he should not be forced to publicly identify himself as a felon. (Id.) Plaintiff characterizes the potential harms of having to litigate under his own name as ridicule and deprivation of employment. (Doc. 3 at 6). Specifically, Plaintiff fears the "stigma of a felony conviction." (Id. at 8).

The Court recognizes that this lawsuit might bring attention to Plaintiff's convictions, which could in turn make finding employment more difficult. Under Ninth

Circuit precedent, however, this is not the type of harm that requires anonymity. Unlike most of the cases granting anonymity, Plaintiff does not face retaliation as a direct result of this lawsuit. See U.S. v. Doe, 655 F.2d 920, 922 n. 1 (prisoner plaintiff faced retaliation in the form of serious bodily harm by fellow inmates for his cooperation with the government); Doe v. Ayers, 789 F.3d 944, 945-46 (finding that petitioner's "exceptional case met the high bar for proceeding under a pseudonym" where there was "credible evidence that he would likely be subjected to more violence if his name was revealed . . . .")

Any harms that Plaintiff might face stem from his prior convictions, which are—as Plaintiff acknowledges (Doc. 3 at 8)—already publicly available information. Indeed, this lawsuit is evidence that Plaintiff is already susceptible to these harms regardless of this lawsuit. Further, these harms are distinguishable from the kinds of harms for which courts typically provide anonymity—such as serious physical harm, imprisonment, or deportation. See, e.g., Advanced Textile, 214 F.3d at 1071.

Although courts have allowed parties to proceed pseudonymously to avoid embarrassment, these cases tend to involve allegations of sexual abuse against minors, rape victims, and other particularly vulnerable parties. E.g., Doe v. Krogh, No. CV-21-08086-PCT-DWL, 2021 WL 1967165 at *1 (D. Ariz. 2021). Although Plaintiff might be embarrassed by his criminal convictions, these convictions are already public and do not rise to the same level of seriousness as do details of sexual abuse. As such, Plaintiff's embarrassment alone cannot tip the scales in favor of anonymity. Moreover, since the Plaintiff seeks to correct the record regarding his conviction status, there is a potential salient benefit to the Plaintiff in avoiding anonymity.

Courts grant anonymity in "unusual," "extraordinary," or "special" cases. Ayers, 789 F.3d at 946; U.S. v. Stoterau, 524 F.3d 988, 1013 (9th Cir. 2008); Advanced Textile, 214 F.3d at 1068. This case is none of those things. Plaintiff's alleged harms are far from unusual—countless Americans face difficulty finding employment as a result of their criminal record. See Stoterau, 524 F.3d at 1013-14 (explaining that petitioner's case was

not unusual where the risk of violent retaliation was shared equally by similarly situated prisoners).

In sum, the Court will not allow Plaintiff to proceed under a pseudonym because any repercussions of litigating under his own name are clearly distinguishable from the types of retaliation for which courts typically grant anonymity. Balancing the alleged harms against the public's interest in open judicial proceedings, Plaintiff has not overcome the presumption in favor of access to judicial records. If Plaintiff wishes to continue with this case, he must file an amended complaint under his own name.

Accordingly,

**IT IS HEREBY ORDERED denying** Plaintiff's Motion to Proceed by Pseudonym and for Protective Order. (Doc. 3).

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint, under his own name, no later than April 7, 2023. If Plaintiff does not file such an amended complaint by that date, the Court will dismiss this action without prejudice.

Dated this 27th day of March, 2023.

Honorable Stephen M. McNamee
Senior United States District Judge